# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARVIN DWAYNE MOSBY,<br><br>    *Petitioner*,<br><br>vs.<br><br>WARDEN RENEE BAKER, *et al.*,<br><br>    *Respondents*. | 2:13-cv-01609-APG-VCF<br><br>ORDER |

    Petitioner has submitted an application to proceed *in forma pauperis* (ECF No. 1) and a habeas petition (ECF no. 1-2).

    The matter has not been properly commenced because petitioner submitted incomplete financial paperwork and because he has used forms from the State of Nevada courts rather than the forms required by the U.S. District Court of Nevada. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner did not submit any inmate account statement, which typically is a thirteen-page long computer printout, and the state court form fails to provide the required information and verification. Without the complete printout showing daily account activity over the full six-month period, the Court is unable to assess whether the current balance on the financial certificate is representative of petitioner's ability to pay. The Court is unable to see, *inter alia*, the regularity and amount of any incoming funds as well as the extent to which petitioner is making discretionary expenditures that instead could be applied to payment of the filing fee.

    Petitioner further did not use the Court's required habeas petition form to state his claims. Under Local Rule LSR 3-1, a petitioner must file the petition on the Court's required Section 2254

petition form. In the present case, petitioner used a state court habeas form. Petitioner must use the federal court form and must state his claims in the body of the petition form itself. He must file a petition on the required verified petition form specifically alleging the factual particulars supporting his grounds for relief therein, not an unverified legal memorandum.

Due to the multiple defects presented, the pauper application will be denied. Because it is unclear whether dismissal of this action, even without prejudice, would impact petitioner's ability to file a timely petition in a new action, he will be given an opportunity to amend his pauper application and petition.

IT THEREFORE IS ORDERED that the application to proceed *in forma pauperis* is DENIED without prejudice.

IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted.

IT IS FURTHER ORDERED that petitioner will have thirty days from entry of this order to amend his pauper application and petition using the correct federal form. Failure to timely comply with this order may result in dismissal of this action.

DATED: October 15, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE