UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARVIN DWAYNE MOSBY,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 2:13-cv-01609-APG-VCF

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On October 15, 2013, the Court denied petitioner's application to proceed *in forma pauperis* without prejudice due to petitioner's use of improper forms, as well as his failure to attach an inmate account statement and properly executed financial certificate to the application. The Court further found that petitioner's habeas corpus petition was submitted on an improper form, rather than the court-approved form, as is required by Local Rule LSR 3-1. The Court granted petitioner thirty days in which to file an amended application to proceed *in forma pauperis* and an amended habeas corpus petition, using the court-approved forms. (Dkt. #2).

    On October 31, 2013, petitioner filed a letter notifying the Court that he was unable to obtain a financial certificate to accompany his amended *in forma pauperis* application within the allotted

thirty-day time period. (Dkt. #3). By order filed November 7, 2013, the Court construed petitioner's letter as a motion for an extension of time and granted petitioner a 30-day extension of time in which to file both his amended *in forma pauperis* application and his amended petition. (Dkt. #5).

The thirty-day period has now expired. Although petitioner filed an inmate trust account statement in support of his *in forma pauperis* application, petitioner has not filed an amended petition, in contravention of this Court's orders of October 15, 2013 and November 7, 2013.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Pagtalunan v. Galaza*, 291 P.3d 639, 643 (9th Cir. 2002) (dismissal of habeas corpus petition with prejudice for failure to prosecute action and failure to comply with a court order); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Pagtalunan*, 291 F.3d at 642; *Thompson*, 782 F.2d at

831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Pagtalunan*, 291 F.3d at 643; *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring petitioner to file an amended petition within thirty days expressly stated: "Failure to timely comply with this order may result in the dismissal of this action." (Dkt. #2, at p. 2). Thus, petitioner had adequate warning that dismissal would result from noncompliance with the Court's order.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** based on petitioner's failure to file an amended petition in compliance with this Court's orders of October 15, 2013 (Dkt. #2) and November 7, 2013 (Dkt. #5).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated this 6th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE

3